UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARVELLO L. TUFONO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMANDEEP DHILLION, et al.,<br><br>　　　　Defendants. | No. 2:23-cv-2691 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a county inmate, is proceeding pro se with a civil rights action. Plaintiff alleges defendants were deliberately indifferent to his serious medical needs when they failed to prescribe him anti-seizure medication. Plaintiff has requested a preliminary injunction and the appointment of counsel. For the reasons set forth below, this court recommends plaintiff's motion for a preliminary injunction be denied and denies plaintiff's motion for the appointment of counsel.

**PRELIMINARY INJUNCTIVE RELIEF**

Plaintiff alleges he informed all defendants, who are doctors at California State Prison, Sacramento ("CSP-Sac"), that he had a history of seizures but all refused to prescribe him anti-seizure medication. (ECF No. 1.) As a result, plaintiff suffered seizures which caused him injuries. By separate order, this court finds plaintiff has stated plausible claims for relief against all defendants and orders service of the complaint.

Attached to plaintiff's complaint is a motion for a preliminary injunction. (ECF No. 1 at 13.) Plaintiff seeks an order compelling defendants to provide him with anti-seizure medication.

1

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

The principle purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed.). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. Further, an injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . . resulting from litigation in which he is not designated as a party . . . .").

Plaintiff is no longer incarcerated at CSP-Sac. After he filed his complaint and motion for preliminary injunctive relief, he notified the court that he is now incarcerated at the Sacramento County Jail. (See ECF No. 6.) Because plaintiff is no longer in the custody of the Department of Corrections and Rehabilitation and is no longer under the care of defendants, any order directed to defendants to provide plaintiff with medication would be ineffective. Therefore, this court will recommend plaintiff's motion for preliminary injunctive relief by denied without prejudice.

**APPOINTMENT OF COUNSEL**

Plaintiff argues he requires the appointment of counsel because he needs help conducting legal research and preparing legal documents. (ECF No. 5.) The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, plaintiff has adequately articulated his claims.  This court does not find any exceptional circumstances justifying the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that

1. Plaintiff's motion for the appointment of counsel (ECF No. 5) is denied; and
2. The Clerk of the Court shall randomly assign a district judge to this case.

Further, IT IS RECOMMENDED that plaintiff's motion for preliminary injunctive relief (ECF No. 1) be denied without prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 1, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9/DB prisoner inbox/civil rights/S/tufo2691.31&tro fr