UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARVELLO L. TUFONO, | No. 2:23-cv-2691-DAD-SCR |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| AMANDEEP DHILLION, et al., | |
| Defendants. | |

Plaintiff is an incarcerated individual representing himself in this civil rights action filed pursuant to 42 U.S.C. § 1983. Currently pending before the court is plaintiff's motion to reopen this closed case. ECF No. 34. Defendants have not filed an opposition to the motion and the time to do so has expired. For the reasons explained in further detail below, the undersigned recommends granting the motion.

**I.      Factual and Procedural History**

The instant action was commenced on November 17, 2023 while plaintiff was incarcerated at California State Prison-Sacramento ("CSP-Sac"). ECF No. 1. The court screened the complaint on March 4, 2024 and directed service on the Eighth Amendment deliberate indifference claims against five medical employees at CSP-Sac who plaintiff alleged had failed to provide him with anti-seizure medication. ECF No. 7. Defendants opted out of the court's post-screening ADR program and filed an answer as well as a summary judgment motion on August

1

1   12, 2024.  See ECF Nos. 22, 25-26.  The summary judgment motion asserted that plaintiff failed
2   to exhaust his administrative remedies prior to filing this suit.  ECF No. 26.  A Discovery and
3   Scheduling Order was issued on October 15, 2024, with discovery limited to the issue of
4   exhaustion ECF Nos. 28-29.  Plaintiff was ordered to file a response to defendants' motion for
5   summary judgment by December 26, 2024.  ECF No. 30.

6         Plaintiff's service copy of the order requiring a response was returned to the court as
7   undeliverable on December 6, 2024.  Plaintiff did not file any opposition to the pending motion or
8   any notification of change of address.  As a result, the undersigned issued Findings and
9   Recommendations to dismiss this case without prejudice based on plaintiff's failure to prosecute.
10  ECF No. 31.  The district judge adopted these Findings and Recommendations, denied
11  defendants' motion for summary judgment as moot, and dismissed this action without prejudice
12  on March 25, 2025.  ECF No. 32.  Final judgment was entered on the same day.  ECF No. 33.

13        On May 27, 2025, plaintiff filed the pending motion to reopen his case.  ECF No. 34.  In
14  the motion, plaintiff indicates that he suffers from Schizoaffective Disorder, Bipolar Type and
15  requires psychotropic medication to treat this condition.  ECF No. 34 at 2.  During the pendency
16  of this case, he was transferred from state prison to the Sacramento County Jail on February 9,
17  2024.  Id. at 2.  He informed the court of this change of address.  Id.; see also ECF No. 6.
18  Beginning in September 2024, plaintiff began to experience "extreme mental psychosis."  Id. at 3.
19  He was released from the jail on October 23, 2024 through the Mental Health Diversion Program.
20  Id.  Within 10 days of his release, plaintiff was evicted from his housing program and lost his 30
21  day supply of psychiatric medication.  Id.  Plaintiff was homeless and did not have an address to
22  provide to the court.  Id.

23        Between November 2024 and January 2025, plaintiff was periodically incarcerated at the
24  Sacramento County Jail on parole violations.  Id.  Due to his deteriorated mental health, plaintiff
25  was placed in a suicide crisis bed at the jail from January 9, 2025 to the filing date of the motion.
26  Id. at 3-4.  A mental competency hearing was held on May 14, 2025 in the Sacramento County
27  Superior Court where plaintiff was deemed competent to stand trial.  Id. at 4.
28  /////

## II. Legal Standards Governing Motion to Reopen

Liberally construed, plaintiff has requested relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. A district court may reconsider a ruling under either Federal Rule of Civil Procedure 59(e) or 60(b). See Sch. Dist. Number. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Id. at 1263. The legal grounds for setting aside a judgment pursuant to Rule 60(b) include, among others, "mistake, inadvertence, surprise, or excusable neglect," newly discovered evidence, or fraud. Fed. R. Civ. P. 60(b)(1)-(3). A Rule 60(b) motion must be made "with a reasonable time-and for reasons (1), (2), and (3) no more than a year after the entry of the judgment...." Fed. R. Civ. P. 60(c)(1).

## III. Analysis

The undersigned finds that plaintiff's sworn declaration requesting relief from judgment shows excusable neglect and constitutes newly discovered evidence demonstrating plaintiff's inability to comply with this court's orders due to his mental health crisis. Based on his personal circumstances, plaintiff did not have the ability to represent himself by filing an opposition to defendants' summary judgment motion. Furthermore, defendants do not contest plaintiff's motion to reopen these proceedings or the timeliness of this request. Plaintiff is therefore entitled to relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. For all these reasons, the undersigned recommends setting aside the March 25, 2025 judgment and granting plaintiff's motion to reopen this case.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to reopen this case (ECF No. 34) be granted; and,

2. This matter be referred to the magistrate judge for further proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty one days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 7, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE